## Isaac Gottshall, Appellant, *v.* Dr. Edmund M. Emerick.

*Physicians—Malpractice—Evidence—Nonsuit.*

In an action against a physician to recover damages for alleged malpractice, a nonsuit is properly entered where the evidence for the plaintiff showed that the medical expert called in behalf of the plaintiff approved the defendant's treatment of the case, and that plaintiff's foot which had been seriously injured by a fall of rock in a coal mine was in much better condition at the time of the trial than could have been expected at the time of the accident.

Argued May 24, 1898. Appeal, No. 383, Jan. T., 1898, by plaintiff, from order of C. P. Northumberland Co., Dec. T., 1895, No. 71, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass for alleged malpractice.

At the trial it appeared that on Friday, May 4, 1894, plaintiff's ankle joint was seriously injured by a fall of rock while he was working in a coal mine. The defendant was called as for cross-examination, and explained his method of treating the case. Dr. P. H. Renn, a witness for plaintiff, testified that the case had been properly treated. He further testified as follows :

" Q. You consider that a pretty good job, do you ? A. I consider there is a good deal of motion in this joint for the amount of injury done it. Q. Then doctor, in your opinion, from what you have heard of the testimony, and your examination of this man, has it been treated skilfully? A. Well, I think it has, under the circumstances. . . . I think the man is pretty lucky to have a leg on him at all."

The court entered a compulsory nonsuit, which it subsequently refused to take off, GORDON, P. J., of the 46th judicial district, specially presiding, filing the following opinion :

I have examined the testimony in this case and remain of the opinion that the judgment of nonsuit was properly entered. There was no evidence of negligence or unskilfulness on the part of the defendant, who, as a practicing physician, attended the plaintiff upon having his ankle and foot crushed by a fall of rock in a coal mine. The mode of treatment was explained by the defendant on being called by the plaintiff as a witness as on cross-examination, and the only other medical testimony was that of Dr. Renn, who approved of the mode of treatment as explained by the defendant. The evidence conclusively shows that the defendant's injury was a serious one and that his foot is in much better shape than could have been expected at the time. In my opinion it would not have been right to have permitted the jury to pass upon the question of damages when there was no such evidence as would warrant holding the defendant liable. The theory advanced by plaintiff's counsel, upon which he bases his charge of negligence, is very plausible and was presented forcibly, but has no evidence to base it upon. As the facts proved did not justify sending the case to the jury, I see no ground for considering plaintiff's application for a new trial although presented after the time fixed by the rules of court.

Therefore, now August 30, 1897, it is ordered that the rule

420         GOTTSHALL v. EMERICK.

be discharged and that judgment in favor of the defendant be entered upon the nonsuit.

*Error assigned* was refusal to take off nonsuit.

*S. B. Boyer*, for appellant, cited Wilson v. Penna. R. Co., 177 Pa. 503.

*James Scarlet* and *W. H. M. Oram*, for appellee, were not heard, but cited in their printed brief: Byles v. Hazlett, 11 W. N. C. 212; Raby v. Cell, 85 Pa. 80; Matlack v. Mann, 37 Leg. Int. 349; Calvert v. Good, 95 Pa. 65; Wingerd v. Fallon, 95 Pa. 184; Munn & Barton v. Mayor, etc., of Pittsburg, 40 Pa. 364; Pittsburg, etc., R. R. v. Gazzam, 32 Pa. 340.

PER CURIAM, May 30, 1898:

Our consideration of the testimony sent up with the record has satisfied us that it was insufficient to justify the submission of plaintiff's claim to the jury, and hence the court below committed no error in refusing to take off the judgment of nonsuit ordered at the trial. It is unnecessary either to summarize or discuss the evidence on which the plaintiff relies.

Judgment affirmed.